# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| INTER-ISLAND FERRY SYSTEMS CORP.<br><br>**Plaintiff**<br><br>v.<br><br>PUERTO RICO PORTS AUTHORITY;<br>AUTORIDAD DE TRANSPORTE MARITIMO<br><br>**Defendants** | CASE NO.:<br><br><br>RE: COLLECTION OF FUNDS<br>ALMIRALTY CASE |

## COMPLAINT

**TO THE HONORABLE COURT:**

 **COMES NOW** Inter-Island Ferry Systems Corp. (hereinafter referred to as Inter-Island), represented through its undersigned attorney and very respectfully states, alleges and prays:

### I. JURISDICTION OF THE COURT

1. This is an action in Admiralty, brought by Inter-Island Ferry Systems Corp., at all times pertinent to this complaint, the operator of a marine cargo vessel, both for its own account and for charter. The present action is for the collection of charter fees for the use of said vessel, owed by defendant PUERTO RICO PORT AUTHORITY, hereinafter "Ports Authority".

2. Said charter fees are for the use of the vessel to transport cargo and passengers between Puerto Rico and the island-municipalities of Vieques and Culebra.

3. The AUTORIDAD DE TRANSPORTE MARITIMO, hereinafter "ATM", is included as a co-defendant because it was created to assume, and effectively assumed, the obligations

1

of the Ports Authority, to provide the transportation of passengers and cargo between Puerto Rico and the island-municipalities of Vieques and Culebra. To said effects, it received, as a block, in the manner of a going concern, all the facilities, vessels and related rights and obligations of the Ports Authority, regarding said transportation services. That included, according to representations made to Plaintiff, by officers of the Ports Authority, the obligation to pay for the charter fees owed to Plaintiff.

4. The Honorable Court's authority to make decisions regarding the Interpretation of Maritime law and contracts, stems from the Constitution's grant of admiralty jurisdiction to Federal Courts. See Article III Section 2 CL.1 (providing that the federal judicial power shall extent to "all cases of admiralty and maritime jurisdiction"). See also 28 U.S.C. Sec 1333 (1). {28 U.S.C.S. Sec. 1333 (1)} (granting federal District Courts original jurisdiction over "any civil cases of admiralty or maritime jurisdiction").

## II.   BACKGROUND INFORMATION

5. The present action is related to maritime matters, specifically the collection of charter fees owed, jointly, by both co-defendants.

6. When collection of the outstanding fees was attempted, the Ports Authority claimed that it no longer had responsibility because it had transferred all maritime operations in the Vieques Sound to the newly created ATM. When an attempt was made to collect from the newly created ATM, they refused to pay, alleging that the debt was a matter for the Puerto Rico Ports Authority. Because a debtor cannot divest itself from its obligations by endorsing them to a third party, without the approval or the creditor, but said third party can unilaterally assume the obligation, becoming jointly responsible, the claim is presented against both.

7.  The claim made in this complaint is overdue, is liquid and enforceable and prior extrajudicial collection attempts have been made by the plaintiff without success.

## II.     THE PARTIES

8. Inter-Island Ferry Systems Corp. was, at all times pertinent, the operator of the vessel known as the M.V. Isla Grande., a passenger and roll on-roll off cargo vessel, in service between Puerto Rico and the island-municipalities of Vieques and Culebra.  provider of maintenance services, for services directly provided by it and for the charter fees of a certain vessel.

9. Puerto Rico Ports Authority is a public corporation which, at the time pertinent to the claim herein presented against it, provided the transportation services, for people and general cargo, between Puerto Rico and the Island Municipalities of Vieques and Culebra.  Said services were provided making use of its own vessels and also in vessels chartered from, among others, Inter Island Ferry Systems Corp.

10. Autoridad de Transporte Marítimo (ATM) is the successor of Puerto Rico Ports Authority with regard to the transportation services between the Island of Puerto Rico and the Island Municipalities of Vieques and Culebra.  In providing such services it's made use of its own vessels, originally received from Autoridad de Puertos, and also vessels chartered from, among others, Inter Island Ferry Systems Corp.

11. ATM, also made use of Inter Island Ferry Systems Corp's services for the repair and maintenance of its vessels and/or vessels, used for the transportation of people, merchandize and equipment, between Puerto Rico and the island municipalities of Vieques and Culebra.

## III.    CAUSE OF ACTION

12. Between the years 2004 and 2005 the Puerto Rico Ports Authority entered into a charter agreement with Inter Island Ferry Systems Corp., for the lease of the latter's vessel, the cargo ferry "Isla Grande".

13. For said charter services, an amount remains unpaid which totals $72,400.00.

14. Repeated attempts have been made along the years to collect the above said amount from Puerto Rico Ports Authority and/or its successor, ATM.  All such efforts failed.

15. Defendants jointly owe the above amount, that is $72,400.00, plus legal interest from the date payments became due until today.

**WHEREFORE**, it is respectfully requested that Judgment be enter in favor of Plaintiffs and against Defendants in the amounts stated in the body of this complaint, plus interest as it may be due.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 11th day of December, 2015.

*/S/Rafael González Vélez*
Rafael González Vélez, Esq.
USDC No. 124311
1806 Calle Mc Leary Suite 1-B San Juan, Puerto Rico 00911
Tel. 787-982-6507
E-mail: rgvlo@yahoo.com

---

**LAWYERS PSC**
P.O. Box 3825 Mayagüez P.R. 00681
Email:castellanos@lawyerspsc.com
Tel.787-299-5935
Fax.787-919-0143

*/S/ Josué E. Castellanos Otero*
Josué E. Castellanos Otero, Esq.
USDC No. 301706

---